## Kentucky Traction & Terminal Company v. Sharp.

(Decided October 2, 1917.)

### Appeal from Fayette Circuit Court.

Damages—Aggravation of Injury—Instruction as to Subsequent Injury Not Caused by Defendant.—Where a party claimed to have sustained personal injuries when a buggy was upset through the negligence of the operators of a street car, and afterwards the injured party got in the buggy and there was evidence to show that shortly after this she again fell or jumped from the buggy through no fault of the street car company, the jury should have been instructed that they should not in fixing the damages include therein compensation for any injury received in falling or jumping from the buggy the second time or for any aggravation or increase of the prior injury caused by the second fall or jump.

WALLACE MUIR and ALLEN & DUNCAN for appellant.

JAMES G. DENNY and J. EMBRY ALLEN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee, Mrs. Sharp, claiming to have been injured by the negligence of the appellant company in operating one of its cars in such a manner as to frighten a mule pulling a buggy in which she was riding, brought suit to recover damages for the injury sustained, and on a trial there was a judgment in her behalf.

The only material error complained of on this appeal by the company is the failure of the trial court to give instructions one and two offered by it. In disposing of this error it will be necessary to state briefly the facts bearing on the issue submitted in these instructions.

The mule ran off and the buggy was upset at the corner of Louden avenue and Maple avenue.

There is no dispute about the fact that the mule, after the buggy turned over, got loose from it and was again hitched to it, or about the fact that after it was hitched to the buggy Mrs. Sharp got in the buggy and the mule again becoming frightened, she got out of the buggy on Maple avenue.

Witnesses for Mrs. Sharp say that when the buggy turned over at the corner of Louden and Maple avenues Mrs. Sharp was thrown out of the buggy and exclaimed several times that she was badly hurt or that her leg was broken, while other witnesses say that although the buggy was turned over, Mrs. Sharp was not thrown out on the street, nor did they hear her give utterance to any exclamations.

Witnesses for Mrs. Sharp say that after the mule had been hitched to the buggy on Maple avenue she was carried to it and placed in the buggy, while other witnesses say she walked to the buggy and got in it herself. Witnesses for Mrs. Sharp also say that when the mule again became frightened and started to run off or kick, she was helped out of the buggy by some people near at hand, while other witnesses say that she fell out of the buggy on the street or jumped out of it; and the doctor who examined her said that if her hip had been fractured when the buggy was first turned over she could not have gotten in the buggy the second time without assistance.

With the evidence in this condition the attorneys for the company asked the court to give to the jury instructions one and two reading as follows:

"1.  If the jury believe from the evidence that after the buggy in which the plaintiff had been riding had been pulled from Louden avenue to Maple avenue, the plaintiff got in it and then jumped therefrom and received the injuries complained of by reason thereof, they should find for the defendant.

"2.  Even though the jury believe that the plaintiff received an injury by the buggy in which she was driving being turned over and her falling therefrom while said buggy was on Louden avenue and by reason of the neg-

ligence of the defendant company, yet if they further believe from the testimony that after the buggy had been removed from Louden avenue to Maple avenue the plaintiff then got in said buggy and jumped therefrom and received any additional injury or her former injury was aggravated to any degree, they should not in fixing the damages to which the plaintiff may be entitled, if any, include therein any compensation for any injury received by the plaintiff in jumping from the buggy while it was on Maple avenue or any pain or physical or mental suffering by reason thereof, or for any aggravation or increase of the injury or of the physical or mental suffering caused by her act in jumping from the buggy while it was on Maple avenue.''

Under the facts we think these instructions should have been given, because Mrs. Sharp was not entitled to recover any damages for injuries sustained by her after she got in the buggy the second time. It may be true that the weight of the evidence tends to support the contention of counsel for Mrs. Sharp that she received the injury of which she complained when the buggy was first turned over and that she was carried and placed in the buggy when she got into it on Maple avenue and was assisted out of it when the mule there became frightened; but, on the other hand, there is substantial evidence that she walked to the buggy on Maple avenue and got into it without assistance, and when the mule became frightened either jumped or fell from the buggy on to the street, and this evidence entitled the company to have the jury distinctly told that Mrs. Sharp could not recover for any injury sustained when she got out of the buggy on Maple avenue or for any aggravation of the previous injury caused by the manner in which she got out of the buggy.

Wherefore, the judgment is reversed, with directions for a new trial in conformity with this opinion.